IRVING GREENSPAN AND AARON GREENSPAN, PLAINTIFFS-APPELLANTS, v. DIVISION OF ALCOHOLIC BEVERAGE CONTROL; DEPARTMENT OF LAW AND PUBLIC SAFETY OF NEW JERSEY; HUDSON BERGEN COUNTY RETAIL LIQUOR STORES ASSN., A NEW JERSEY CORPORATION; AND JERSEY CITY RETAIL LIQUOR DEALERS ASSOCIATION, A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 14, 1952—Decided December 15, 1952.

568

Before Judges FREUND, STANTON and CONLON.

Mr. *Raymond Chasan* argued the cause for the appellants.

Mr. *Samuel B. Helfand* argued the cause for the respondent Division of Alcoholic Beverage Control (Mr. *Theodore D. Parsons*, Attorney-General, attorney).

Mr. *Samuel Moskowitz* argued the cause for the respondent Hudson Bergen County Retail Liquor Stores Ass'n. (Mr. *Harry Krieger*, of counsel).

Mr. *Sidney Simandl* argued the cause for the respondent Jersey City Retail Liquor Dealers Association (Mr. *Harry Krieger*, of counsel). .

FREUND, J. S. C. (temporarily assigned). On May 14, 1951 the Board of Alcoholic Beverage Control of the City of Jersey City issued a transfer of a plenary retail consumption license, expiring June 30, 1951, from George L. Paris as Receiver of Empire Restaurant, Inc., to Irving Greenspan and Aaron Greenspan, from premises No. 754 Newark Avenue to No. 678 Newark Avenue, Jersey City. The respondents Hudson Bergen County Retail Liquor Stores Association and Jersey City Retail Liquor Dealers Association, New Jersey corporations, appealed to the Division of Alcoholic Beverage Control, within the 30 days' time prescribed by statute. Pending determination of the appeal, the Greenspans applied to the local board for a renewal of the transferred license, which renewal was granted, to expire on June 30, 1952. No appeal was taken. Subsequently, the Division of Alcoholic Beverage Control ordered both the transfer and the renewal licenses cancelled.

On this appeal two points are argued: (1) that the respondents are not proper parties to prosecute an appeal within the intendment of *R. S.* 33:1–22, and (2) that the cancellation of the renewal license was erroneous because no appeal was taken from its issuance, as required by statute.

*R. S.* 33:1–22 provides that "* * * any taxpayer or other aggrieved person opposing the issuance of such license may within thirty days after the issuance of such license appeal to the commissioner from the action of the issuing authority. * * *" It is admitted that the respondent associations are not taxpayers. The appellants contend that the respondents are not aggrieved persons. This point is without merit in view of the ruling of the former Court of Errors and Appeals in *Hudson Bergen, etc., Ass'n. v. Board of Com'rs. of City of Hoboken,* 135 *N. J. L.* 502 (*E. & A.* 1947), wherein the identical question was considered. The court held that inasmuch as the purpose of the organization is to regulate and control the liquor traffic, it is in harmony with the objective of the statute and is sufficiently interested in the subject matter to constitute it an "aggrieved person"

within the meaning of the statute. The appellant argues that this ruling has been inferentially overruled by *New Jersey Bankers Ass'n v. Van Riper,* 1 *N. J.* 193 (1948). There the plaintiff was a voluntary unincorporated association organized to advance the general welfare and interests of banks and banking institutions, although it was not itself engaged in the banking business. The court held that the plaintiff was not legally competent to maintain an action under the Declaratory Judgments Act, *R. S.* 2:26–66 *et seq.,* now *N. J. S.* 2A:16–50 *et seq.,* because, due to the absence of other necessary parties defendant, a declaratory judgment would not have its intended tranquilizing function.

In *Bergen County Pharmaceutical Ass'n. v. Barden,* 9 *N. J. Super.* 480 (*Ch. Div.* 1950), the plaintiff, a non-profit corporation, brought suit under the Fair Trade Act, *R. S.* 56:4–3 *et seq.* The defendant's motion to dismiss the complaint on the ground that the plaintiff had no right to maintain the suit was granted. It was held that the Fair Trade Act prescribes who may invoke the injunctive process under the act, and that the plaintiff association did not come within the category.

Since the plaintiff in the *Hudson Bergen, etc., Ass'n. v. Board of Com'rs of City of Hoboken* case, *supra,* is a respondent here, that decision holding the association to be an "aggrieved person" within the construction of the statute is controlling. It has not been overruled by, nor is it inconsistent with, *New Jersey Bankers Ass'n. v. Van Riper, supra,* which dealt with the Declaratory Judgments Act, nor with *Bergen County Pharmaceutical Ass'n. v. Barden, supra,* which dealt with the Fair Trade Act.

The appellant further contends that the cancellation of the renewal license was erroneous because no appeal was taken from its issuance as required by statute, and that the Division was without jurisdiction notwithstanding the provisions of Rule 13, Regulation No. 15, promulgated by the Director and relied on by the Division. The rule provides:

"When appeal is taken in any matter, any transfer or extension or renewal of any license involved therein shall be subject to the ultimate outcome of such appeal, unless otherwise ordered by the Director for proper cause."

The appellant argues that the foregoing rule is invalid because its subject is not within the delegated powers spelled out in the statute, and that there is no power in the Commissioner to regulate appeals since not specifically granted. The pertinent statute, *R. S.* 33:1–39, provides as follows:

"The commissioner may make such general rules and regulations and such special rulings and findings as may be necessary for the proper regulation and control of the manufacture, sale and distribution of alcoholic beverages and the enforcement of this chapter, in addition thereto, and not inconsistent therewith, and may alter, amend, repeal and publish the same from time to time.

Such rules and regulations may cover the following subjects: * * * and such other matters whatsoever as are or may become necessary in the fair, impartial, stringent and comprehensive administration of this chapter."

■ We deem the appellants' contention without merit—certainly the power to regulate appeals falls within the category of "such other matters whatsoever." Were we to hold otherwise, a useless duplicity of proceedings would ensue. A review of the chronology of this matter will show the logic of this construction. The municipality granted the transfer of the license on May 14, 1951, to expire June 30, 1951. The respondents appealed. While the appeal was pending, the municipality renewed the license for the year ending June 30, 1952. The appeal from the issuance of the transferred license was not decided until March 26, 1952, when even the question of the validity of the renewal license was about to become moot. Since the right of renewal rests upon the existence of a valid license, if the Division found invalid and cancelled the transfer of a license, it could hardly affirm the renewal of that license. Accordingly, the only realistic approach to the question is to hold the purpose of Rule 13, Regulation No. 15 definitely within the statutory

intention, in that such a matter is necessary to the fair administration of the Alcoholic Beverage Law. The rule, certainly as here administered, is merely a rule of procedure; it does not enlarge the statutory powers of the Division, nor deprive the parties of their rights to a determination on the merits; it merely avoids an unnecessary plurality of suits.

The order of the Division of Alcoholic Beverage Control setting aside the issuance of the transferred license and of the renewal license is affirmed.